**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KAILYN ANDREWS** | § | |
| **(Bell County #1320410)** | § | |
| | § | |
| **V.** | § | **6:26-CV-464-CRW** |
| | § | |
| **BILL COOKE, et al.** | § | |

# ORDER

In this case, Kevin Rishell, proceeding pro se, filed a petition for a writ of habeas corpus as the next friend of the petitioner, Kailyn Andrews, who is currently confined in the Bell County Jail.

The Court ordered Kevin Rishell to show cause why Kailyn Andrews is unable to prosecute this action on her own behalf. Order to Show Cause (#3). The Court also ordered Kailyn Andrews to explain why her complaint should not be dismissed for failure to exhaust her state court remedies. *Id*. Kevin Rishell responded to both orders and also provided a signed declaration from Kailyn Andrews giving him permission to file the habeas petition on her behalf. Response to Order to Show Cause (#5).

Next–friend standing is available only when the "real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The next friend must "clearly establish the propriety of his status." *Id.* (citing *Smith ex rel. Missouri Pub. Def. Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987)). In a habeas context, a next friend must (1) adequately explain why the petitioner cannot prosecute the action on his own behalf and (2) be truly dedicated to the

best interests of the person on whose behalf he seeks to litigate. *Id.* Kevin Rishell asserts that Petitioner has "restricted access to legal materials, limited communication tools, and inability to prepare and transmit filings without clerical help." Response to Order to Show Cause (#5) at 16. He further states that "[h]is assistance has been limited to clerical, administrative, organizational and filing tasks made necessary by Petitioner's incarceration and restricted access to legal materials, electronic filings, records, communications, and court resources." *Id*. Unfortunately, the fact that the petitioner is confined and has restrictions based on that confinement that make it challenging to meet certain deadlines is true of virtually every person seeking to challenge their state conviction pro se in a writ of habeas corpus. *See e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (a prisoner proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). Kevin Rishell's explanation, on its own, does not establish that Kailyn Andrews cannot prosecute this matter on her own behalf.

Furthermore, even if Kevin Rishell could establish standing to bring this action as "next friend" on behalf of Kailyn Andrews, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Jesus*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d

at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter.").

Thus, the Court finds Kevin Rishell has failed to establish a legal basis for next-friend standing. Importantly, even if the Court found Kevin Rishell had demonstrated a viable legal basis for next–friend standing, he explicitly states that he is not an attorney. Response to Order to Show Cause (#5) at 16. Thus, his representation of Kailyn Andrews in this Court is *statutorily* precluded. *See* 28 U.S.C. § 1654. Accordingly, the Court lacks jurisdiction over the case. *See Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."). Kailyn Andrews may represent herself in this matter, but she may not be represented by Kevin Rishell, a non–attorney; rather, Kailyn Andrews must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

In any event, whether the case is pursued by Kevin Rishell or Kailyn Andrews, it is also dismissed for failure to exhaust state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard*

*v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). In Texas, this exhaustion requirement is generally satisfied if the substance of the claims in the federal habeas petition were presented to the Texas Court of Criminal Appeals in a procedurally proper manner either through a petition for discretionary review or through a state application for writ of habeas corpus. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *See Castille*, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id.* A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v.* Texas, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose,* 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

A review of the state court records and Andrews' federal habeas application indicates that Andrews has not properly filed a state habeas petition. Kevin Rishell states that a habeas petition was filed in the Third Court of Appeals on April 29, 2026, which was denied on April 30, 2026. Response to Order to Show Cause (#5) at 9. State records indicate that a Motion for Rehearing and Emergency Request to Reconsider Release was filed on May 4, 2026, and was denied on May 15, 2026.

Petitioner has not yet presented all of her claims to the Texas Court of Criminal Appeals because none of Petitioner's claims have been reviewed by that court. Petitioner's habeas petition filed directly with the Third Court of Appeals does not satisfy the exhaustion requirement. While this requirement can be excused when exceptional circumstances exist, *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993), Petitioner alleges no facts that show any exceptional circumstances present in this case warranting federal intrusion at this juncture. The Court finds that Petitioner has failed to exhaust her state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

To the extent Petitioner's grounds for relief invite this Court to review the state court decisions regarding Petitioner's child support payments, such action is barred by the *Rooker-Feldman* doctrine. "Federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cnty. Gov't Tex.*, No. 15-cv-436, 2015 U.S. Dist. LEXIS 100270, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015), *report and recommendation adopted,* No. 15-cv-436, 2015 WL 4624708 (W.D. Tex. July 31, 2025) (collecting cases).

Therefore, the Court dismisses Petitioner's Application for Writ of Habeas Corpus without prejudice for lack of jurisdiction and failure to exhaust available state court remedies. To the extent

Petitioner seeks to have this Court review the state court decisions regarding Petitioner's failure to make child support payments, that is barred by the *Rooker-Feldman* doctrine.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and failure to exhaust available state court remedies.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

SIGNED on August 31, 2026

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT
JUDGE